UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
Case No.:

ARTHALYN WILLIAMS,

    Plaintiff,

v.

METROPOLITAN LIFE
INSURANCE COMPANY,

    Defendant.
_____/

## COMPLAINT FOR DISABILITY BENEFITS

Plaintiff, Arthalyn Williams, files her Complaint against Defendant, Metropolitan Life Insurance Company, and states that:

### I. JURISDICTION AND VENUE

1. Plaintiff's claims are filed pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq*. Jurisdiction exists pursuant to 29 U.S.C. § 1132(f) and venue is proper pursuant to 29 U.S.C. § 1132(e).

### II. PARTIES

2. Plaintiff, Arthalyn Williams ("Ms. Williams"), is a citizen of the United States and was at all times relevant a participant of the long-term policy at issue. Defendant, Metropolitan Life Insurance Company (hereinafter "Metlife" or "Defendant"), is the insurer and claims administrator of the long-term disability, and is a foreign corporation authorized to do business in Florida and can be found in the Southern District of Florida.

### III.  FACTS

3. At all times material to this action there was in full force and effect a group disability insurance policy for long-term disability benefits (the "long-term disability policy") constituting binding contract of insurance between the parties. This policy was underwritten and administered by Defendant.

4. At all times material, Defendant operated under an inherent structural conflict of interest because of its dual role as administrator of claims all while serving as the insurance company paying benefits out of its own assets.

5. Ms. Williams was employed by St. Louis College of Health Career as a Staff Administrator Coordinator. By virtue of her employment with St. Louis College of Health Career, Ms. Williams was an eligible participant of the long-term group disability policy at all times material to this action.

6. The purpose of the long-term disability policy was to provide Ms. Williams a monthly benefit in the event that she became disabled ("long-term disability benefits").

7. The long-term disability policy defines Disabled or Disability, in pertinent part, as follows:

- *during the Elimination Period and the next 24 months of Sickness or accidental injury, You are unable to earn more than 80% of Your Predisability Earnings at Your Own Occupation from any employer in the National Economy; and*
- *unable to perform each of the material duties at Your Own Occupation for any employer in the National Economy for which You are reasonably qualified taking into account Your training, education and experience.*
- *after such period, more than 60% of your Predisability Earnings from any employer in the National economy at any gainful occupation for which You are reasonably qualified taking into account Your training, education and experience; and*
- *unable to perform each of the material duties of any gainful occupation for any employer in the National Economy for which You are reasonably qualified taking into account Your training, education and experience.*

8. Ms. Williams's medical history includes, but is not limited to: lumbar segmental dysfunction, radiculopathy, low back pain, muscle spasms of the back, sciatica, sprain of lumbar ligaments, sacroiliac joint, and cervical ligament.

9. Ms. Williams is disabled under the terms of the long-term disability insurance policy. She has been unable to perform the material duties of her own occupation and is unable to earn more than 80% of her predisability earnings from any employer in her local economy.

10. As a result of her disability, Ms. Williams was forced to discontinue working on July 11, 2019.

11. Defendant originally recognized Ms. Williams's disability and approved her for short-term disability benefits. However, on September 25, 2019, Defendant terminated Ms. William's benefits.

12. In accordance with the procedures set forth by the long-term disability policy, Ms. Williams notified Defendant that she was disabled.

13. By letter dated February 28, 2020 Defendant denied Ms. William's claim for long-term disability benefits.

14. Ms. Williams timely appealed the Defendant's decision to deny her long-term disability benefits by letter dated July 7, 2020.

15. By letter dated October 10, 2020, Defendant upheld its decision to deny Ms. Williams long-term disability benefits.

16. Ms. Williams has exhausted her administrative appeals under ERISA.

17. In its decision to deny Ms. Williams long-term disability benefits, Defendant deemphasized medical evidence favoring disability and instead relied on the views of its own medical consultants.

18. Defendant's decision to deny Ms. Williams long-term disability benefits was a breach of the terms of the long-term disability policy, and the decision was wrong and arbitrary and capricious.

19. Defendant's decision to deny Ms. Williams long-term disability benefits constituted a breach of fiduciary duties owed to Ms. Williams under ERISA. Defendant further failed to discharge its duties in respect to discretionary claims processing solely in the interests of Ms. Williams as a participant of the long-term disability policy.

### IV. COUNT I: LONG-TERM DISABILITY BENEFITS

Plaintiff incorporates the allegations contained in Paragraphs 1 through 19 as if fully stated herein and further states that:

20. Plaintiff is entitled to certain benefits of the policy consisting of past long-term disability benefits including prejudgment interest, retroactive to the day benefits were denied pursuant to 29 U.S.C. §1132(a)(1)(B).

21. Plaintiff is entitled to the benefits identified herein because:
    a. the benefits are permitted benefits under the policy;
    b. Plaintiff has satisfied all conditions to be eligible to receive the benefits;
    c. Plaintiff has not waived or otherwise relinquished her entitlements to the benefits.

22. Defendant has refused to pay the benefits sought by Ms. Williams, ignoring the medical records and clear opinions of her treating physicians.

### V. COUNT II: ATTORNEY'S FEES

Plaintiff incorporates the allegations contained in Paragraph 1 through 22 as if fully stated herein and and further states that:

23. To the extent that Defendant violated any provisions of Subchapter I of Title 29, Chapter18 of the United States Code, Plaintiff is entitled to reasonable attorney's fees and costs of this action pursuant to 29 U.S.C. §1132(g)(1).

## VI.   RELIEF REQUESTED

Plaintiff incorporates the allegations contained in Paragraph 1 through 23 as if fully stated herein and further states that:

24. As a result of the acts and/or omissions of Defendant as alleged herein, Defendant owes Plaintiff unpaid long-term disability benefits, plus interest.

25. Defendant is also liable for Plaintiff's attorney's fees and the costs of litigation in an amount to be proven at trial.

26. Defendant is also liable to place Plaintiff in the position he would have enjoyed under the policy had she not been wrongfully denied benefits by Defendant.

## VII.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Arthalyn Williams, prays for a judgment against Defendant, Metropolitan Life Insurance Company, for the relief as plead herein and for such other relief as this Honorable Court deems just and proper.

*Respectfully submitted this 15th day of December, 2020.*

> BY: */s/ Bryn Natland*
> Bryn Natland (FBN. 86604)
> bryn@longtermdisability.net
> Edward Philip Dabdoub (FBN. 45685)
> eddie@longtermdisability.net
> DABDOUB LAW FIRM, P.A.
> 1600 Ponce de Leon Blvd., Suite 1202
> Coral Gables, Florida 33134
> Tel: (305) 754-2000
> Fax: (305) 754-2007
> *Attorneys for Plaintiff, Arthalyn Williams*